# **EXHIBIT A**

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

---

**CITY OF HIGHLAND PARK,**
*A municipal corporation,*

      *Plaintiff/Petitioner,*

**V.**

**FIFTH THIRD BANK,**
*An Ohio Banking Corporation,*

      *Defendant/Respondent.*

Case No. *C K*
HON.

14-000321-CK
FILED IN MY OFFICE
WAYNE COUNTY CLERK
1/10/2014 4:19:29 PM
CATHY M. GARRETT

---

**PERKINS LAW GROUP PLLC**
Todd Russell Perkins (P55623)
Nikkiya Branch (P68844)
615 Griswold, Suite 400
Detroit, Michigan 48226
(313) 964-1702

---

There is no other pending civil litigation arising out of the
transaction or occurrence alleged in this complaint.

**TODD RUSSELL PERKINS (P55623)**
**NIKKIYA BRANCH (P68844)**

## COMPLAINT FOR INJUNCTIVE RELIEF

**NOW COMES** Plaintiff/Petitioner, **CITY OF HIGHLAND PARK**, Michigan, by and through its attorneys Perkins Law Group, PLLC, who hereby prays to this Honorable Court for Injunctive Relief and states the following in support:

1. Plaintiff, City of Highland Park, is a municipal corporation in the State of Michigan with its principal offices in Wayne County Michigan.

1

2. Defendant, Fifth Third Bank, is an Ohio Corporation, which conducts business in the State of Michigan, County of Wayne.

3. Venue is proper in light of the fact that all parties and all of the properties are located within the County of Wayne, State of Michigan.

4. That the amount in controversy exceeds $25,000 and jurisdiction is otherwise proper in this Court.

5. That, pursuant to the agreements entered into that memorialize and incorporate said agreements, the laws of the State of Michigan without regard to principles of conflicts of law that would require the application of the laws of another state or commonwealth.

6. That, additionally, jurisdiction is proper for this Honorable Court due to the type of relief being sought being within the province of the circuit court.

## GENERAL ALLEGATIONS

7. The City of Highland Park, a municipal corporation of the State of Michigan (the "State"), has been duly created under the provisions of the Home Rule City Act of the State, Act 279, Public Acts of 1909, as amended ("Act 279"), pursuant to which the City has the comprehensive home rule power conferred upon it by Act 279 and the Constitution of the State of 1963 (the "Constitution"), subject only to the limitations on the exercise of that power contained in the Constitution, by statute of the State or by provisions of the City Charter of the City (the "City Charter").

8. Pursuant to the City Charter, the City may borrow money for any purpose within the scope of its powers, may issue bonds or other evidences of indebtedness therefor, and may, when permitted by law, pledge the full faith credit and resources of the City for payment of those bonds or other evidences of indebtedness.

9. On November 6, 2007, the voters of the City authorized the issuance by the City of not to exceed $27,000,000 in Unlimited Tax General Obligation Financial Recovery Bonds for the purpose of providing City pension benefits.

10. Pursuant to a bond resolution adopted by the City Council on May 21, 2008 (the "2008 Bond Resolution") and an order by the City's emergency financial manager dated June 3, 2008, the City (i) authorized the issuance of its City of Highland Park, Michigan, Variable Rate Demand Financial Recovery Bonds, Series 2008 (Unlimited Tax General Obligation) (Federally Taxable) (the "2008 Bonds"), (ii) created a pledge of the ad valorem unlimited taxes collected by the City (or the County on its behalf) to pay the Reimbursement Obligations (hereinafter defined) owing to the Bank and the principal of and interest on the 2008 Bonds (including letter of credit fees due to the provider of a letter of credit), (iii) agreed to levy such taxes in an amount sufficient to pay the Reimbursement Obligations (defined hereinafter) owing to the Bank and principal and interest when due on the 2008 Bonds (including letter of credit fees due to the provider of a letter of credit), and (iv) authorized the City to enter into agreements, including, but not limited to, (1) a Reimbursement Agreement, a Pledge and Security Agreement and an Interest Rate Agreement (as defined in the Resolution) with the Bank (hereinafter defined) to further secure the Reimbursement Obligations and the MMBA Bonds and provide for management of the debt service related to the 2008 Bonds and (2) a Remarketing Agreement with Fifth Third Securities, Inc., to provide for the remarketing of tendered MMBA Bonds under the Indenture (hereinafter defined).

11. Pursuant to Act 227 and Act 140, and under a certain Revenue Sharing Pledge Agreement dated as of June 1, 2008 (the "2008 Pledge Agreement"), the City further

pledged and assigned to the Bank as issuer of the Letter of Credit (hereinafter defined) and the MMBA as purchaser and holder of the 2008 Bonds, certain payments that the City is eligible to receive under Act. 140 as Distributable Aid as additional security for the City's obligations under the Reimbursement Agreement and the 2008 Bonds.

12. By resolution dated May 14, 2008, the Board approved the sale of the 2008 Bonds by a negotiated sale to the MMBA and set the terms of the 2008 Bonds.

13. The MMBA issued its Michigan Municipal Bond Authority Variable Rate Demand Local Government Loan Program Revenue Bonds, Series 2008A (City of Highland Park Local Project Bonds) (the "MMBA Bonds") and used the proceeds thereof to purchase the 2008 Bonds from the City.

14. The MMBA and U.S. Bank National Association entered into a First Supplemental Indenture, dated as of June 1, 2008 (the "Indenture") with regard to the MMBA Bonds.

15. The MMBA determined that initially the principal and purchase price of and interest of the MMBA Bonds will be secured by an irrevocable direct-pay letter of credit (the "Letter of Credit") to be issued by the Fifth Third Bank, an Ohio banking corporation (the "Bank") for the account of the City in favor of U.S. Bank National Association (the "Indenture Trustee") as Trustee under the Indenture.

16. Pursuant to a reimbursement agreement dated as of June 1, 2008 between the City and the Bank (the "Reimbursement Agreement") the City has agreed to reimburse the Bank for payments made by the Bank under the Letter of Credit (which, among other obligations of the City to the Bank and Fifth Third Securities, Inc., as remarketing agent, are the "Reimbursement Obligations" as further defined in the 2008 Bond Resolution).

4

17. The Bank has renewed the Letter of Credit three times as evidence by the Amended and Restated Reimbursement Agreement dated July 15, 2011, First Amendment to Amended and Restated Reimbursement Agreement dated July 20, 2012, and the Second Amendment to the Amended and Restated Reimbursement Agreement dated July 20, 2012 ("Amended and Restated Reimbursement Agreement").

18. After the payment of cost of issuance and letter of credit fees owed to the Bank, the net proceeds of the Bonds $25,762,500.80 were deposited in the Bond Proceeds Account held by the Bank pursuant to section 3.14 of the Reimbursement Agreement.

19. As of December 31,2013, the Bond Proceeds Account has a balance of approximately $7,000,000 to pay the future pension benefits of ERS and MERS.

20. The bond proceeds were for the pension benefits of the City of Highland Park General Employees Retirement System ("ERS") that covers nonpublic safety employees of the City consisting of 82 retires and beneficiaries receiving benefits and 4 inactive employees and the City of Highland Public Safety Retirement Plan ("MERS") consisting of 61 retires and beneficiaries currently receiving benefits.

21. Pursuant to section 3.14 of the Reimbursement Agreement, the City submits to the Bank the required documentation supporting a requisition in amount sufficient to pay the monthly pension benefits for the retirees and beneficiaries of ERS and MERS from the funds held in the Bond Proceeds Account held at the Bank.

22. The City has pledged its full faith and credit for the payment of the principal of, premium, if any, and interest on the Bonds including fees for the payment of letter of credit payable to the Bank.  The City annually levies a millage on all taxable property in

the City, which may be levied without limitation as to rate or amount, as provided in Article IX, of the Michigan Constitution of 1963.

23. The City, pursuant to the terms of the Reimbursement Agreement, deposits the receipts of the ad valorem taxes paid by its taxpayers into a restricted account held at the Bank (the "Debt Retirement Account") to reimburse the Bank for draws on the letter of credit and letter of credit fees. As of December 31, 2013, the City has paid on time approximately $4,850,000 of letter of credit fees to the Bank.

24. As of December 31, 2013, the Debt Retirement Account held at the Bank had an approximate balance of $1,000,000.

25. On December 12, 2013, the Bank notified the City "No further disbursements will be made by the Bank from the Bond Proceeds Account to the City" (see Exhibit A).

26. On January 8, 2014, the City formally submitted the required documentation and requisition for the MERS pension payments due and payable to the members and beneficiaries on January 15, 2014.

27. If the Bank does not honor the City's requisition on or before January 10, 2013, the City will not be able to make pension payments to 61 retirees and beneficiaries of MERS.

28. That Plaintiff/Petitioner, City of Highland Park (hereinafter referred to as the "City") was provided notices of default as it relates to the transactions which give rise and from which the funds retained by Defendant/Petitioner, Fifth Third Bank (hereinafter referred to as the "Bank").

29. That, prior to the recent issuance of the notices of default, the Bank gave notice to the City effectively stating that it would no longer, as of January 2014, permit the

disbursement of funds to the specific pension beneficiaries for whose sole benefit said funds shall be used.

30. That, notwithstanding the allegations of default by the Bank, the City has satisfied and tendered all payments due to the Bank in a timely and sufficient manner.

31. That all of the contingencies that give rise to the Bank's issuance of the notice(s) of default and the exercise of its position that it shall no longer permit the disbursement of funds, along with the seizure of funds from the 2008 Debt Retirement Fund, have existed and the Bank otherwise having been made very aware of those matters, even prior to the execution of the Amended and Restated Reimbursement Agreement, First Amendment, Second Amendment and corresponding letters of credit.

32. That the Bank has taken a position that shall cause an implosive effect on the City, to the extent that a failure to be able to make pension payments shall cause an irreparable damaging situation to occur, which could include, but not be limited to, immediate superintending action by the state, bankruptcy, and most importantly, injury, the scale of which is unfathomable, to pension beneficiaries whose only income are said payments received from the City.

**INJUNCTIVE RELIEF**

33. That Plaintiff/Petitioner hereby restates and incorporates by reference each preceding paragraph above as though fully set forth herein.

34. That there exists a likelihood of success on the merits in this action by Plaintiff/Petitioner City.

7

35. That there will be irreparable harm not only to the Plaintiff/Petitioner City, but more importantly to the specific pension beneficiaries for whose sole benefit these funds have been secured.

36. That there is no adequate remedy at law under which Plaintiff/Petitioner can address Defendant/Respondent's breach, unlawful seizure and/or unduly burdensome retention of funds that are to be used for the sole purpose and benefit of specific pension beneficiaries of the City.

37. That, at the very least, there has been a substantial showing of good cause that a preliminary injunction should issue, pursuant to MCR 3.310(b).

38. That, a clear public interest shall be served by the pension beneficiaries being able to receive payments from these sequestered funds.

**WHEREFORE,** Plaintiff/Petitioner respectfully requests that this Honorable Court enter judgment in Plaintiff/Petitioner's favor and against Defendant/Respondent ordering the following:

A. To continue the regular disbursement of funds to the City of Highland Park;

B. Preliminarily and permanently enjoin Defendant/Respondent or its agents, successors, representatives, assigns or any other person or entity acting for or on its behalf, from disrupting the disbursement of funds to the pension beneficiaries for whose benefit the bonds and the funds that flowed therefrom were created in 2008;

C. Preliminarily and permanently enjoin Defendant/Respondent or its agents, successors, representatives, assigns or any other person or entity acting for or on its behalf, from taking any action that, directly, indirectly, surreptitiously or in any way would affect the

8

flow of funds from Defendant/Respondent to Plaintiff/Petitioner, i.e., demand for the return of bonds by and through the trustee, seizure of funds, etc.;

D.  Award Plaintiff/Petitioner relief for legal expenses incurred; and

E.  Award any other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

Perkins Law Group, PLLC

Todd Russell Perkins (P55623)
Nikkiya Branch (P68844)
Attorneys for Plaintiff/Petitioner
615 Griswold St. Ste. 400
Detroit, Michigan
313.964.1702

January 10, 2014

9

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

---

**CITY OF HIGHLAND PARK,**
*A municipal corporation,*

    *Plaintiff/Petitioner,*

**v.**

**FIFTH THIRD BANK,**
*An Ohio Banking Corporation,*

    *Defendant/Respondent.*

Case No. 14-000321-CK
HON. ROBERT L. ZIOLKOWSKI

14-000321-CK
FILED IN MY OFFICE
WAYNE COUNTY CLERK
1/14/2014 1:23:12 PM
CATHY M. GARRETT
Kimberly Clifton

---

**PERKINS LAW GROUP PLLC**
Todd Russell Perkins (P55623)
Nikkiya Branch (P68844)
615 Griswold, Suite 400
Detroit, Michigan 48226
(313) 964-1702

---

### TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

At a session of said Court held in the Coleman A. Young
Center, located at 2 Woodward Avenue, City of Detroit, County
of Wayne, State of Michigan,

On: ___1/14/2014___

By: ___Robert L. Ziolkowski___
    **WAYNE COUNTY CIRCUIT COURT JUDGE**

The Court has considered Plaintiff/Petitioner's Complaint and Motion and has

determined the following:

1. That Plaintiff has a likelihood of success on the merits of its claims.

1

2. That Plaintiff/Petitioner will suffer irreparable harm and loss if Defendants/Respondents are permitted to retain possession and otherwise deny disbursement of the funds which arose from the 2008 bond issuance.

3. That Plaintiff/Petitioner has no adequate remedy at law, particularly in light of the fact that these payments are for the sole benefit of pension beneficiaries who, upon information and belief, rely and depend upon said payments to meet their basic and ordinary need, i.e., food, shelter, clothing and other basic utilities.

4. That Plaintiff/Petitioner will suffer greater injury from the denial of temporary injunctive relief than Defendant/Respondent will suffer from the granting of such relief.

5. That, in fact, to the extent that Defendant/Respondent may claim any grounds for relief, any such relief that could be considered for the benefit of Defendant/Respondent is quantifiable and not subject to the irreparable harm element being pled by Plaintiff/Petitioner.

6. That Plaintiff/Petitioner is being granted relief without notice to Defendant/Respondent as any delay, such as the requirement of providing notice and the commensurate time differential between the notice date and the effective date of an order, will undermine the purpose and intent of this matter to prevent irreparable harm as a result of Defendant/Respondent's breach and default.

**IT IS HEREBY ORDERED:**

1. A temporary restraining order is issued.

2. That Defendant/Respondent Bank or its agents, successors, representatives, assigns or any other person or entity acting for or on its behalf, are hereby enjoined from taking any

2

action that would disrupt the disbursement of funds to the pension beneficiaries for whose benefit the bonds and the funds that flowed therefrom were created in 2008;

3. That Defendant/Respondent or its agents, successors, representatives, assigns or any other person or entity acting for or on its behalf, are hereby enjoined from taking any action that, directly, indirectly, surreptitiously or in any way would effect the flow of funds from Defendant/Respondent to Plaintiff/Petitioner, i.e., demand for the return of bonds by and through the trustee, seizure of funds, etc.;

4. That Defendant/Respondent is enjoined from taking any action, other than relief sought through this Honorable Court or any other court of law, that would frustrate or otherwise disrupt the disbursement of funds in accordance with the agreements currently in place between the City and the Bank related specifically to 2008 bond issuance.

5. That Plaintiff/Petitioner City shall be able to receive these funds without the requirement or the necessity of posting a bond, given the reasons and information set forth in the appending complaint and motion.

6. That this order shall remain in full force and effect until this Court specifically orders otherwise.

7. That the parties are immediately permitted to engage in discovery.

8. That Defendant/Respondent shall show cause before this Court on Thurs., 01/16/14 * at 2:00 p.m. why a preliminary injunction should not be ordered according to the terms and conditions of the temporary restraining order.

9. That Plaintiff/Petitioner must serve a copy of the pleadings in this case and this order on Defendant/Respondent by 1/14/2014 , and said service may be in any reasonable form as to ensure that said pleadings are received by Defendant/Respondent.

*Please file an e-praecipe in order to schedule this hearing. K.C.

3

10. Date and time of issuance: 1/14/2014 _____.

         /s/ Robert L. Ziolkowski _____

WAYNE COUNTY CIRCUIT COURT JUDGE

Prepared by:
Perkins Law Group, PLLC
615 Griswold St., Ste. 400
Detroit, Michigan 48226
313-964-1702

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**CITY OF HIGHLAND PARK,**
*A municipal corporation,*

    *Plaintiff/Petitioner,*

**v.**

**FIFTH THIRD BANK,**
*An Ohio Banking Corporation,*

    *Defendant/Respondent.*

Case No. 14-000321-CK
HON. Robert L. Ziolkowski

14-000321-CK
FILED IN MY OFFICE
WAYNE COUNTY CLERK
1/14/2014 1:09:47 PM
CATHY M. GARRETT

**PERKINS LAW GROUP PLLC**
Todd Russell Perkins (P55623)
Nikkiya Branch (P68844)
615 Griswold, Suite 400
Detroit, Michigan 48226
(313) 964-1702

---

## PLAINTIFF/PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**NOW COMES** Plaintiff/Petitioner, **CITY OF HIGHLAND PARK**, a Michigan, by and through its attorneys, the Perkins Law Group, PLLC, **TODD RUSSELL PERKINS**, who hereby moves this Honorable Court for a temporary restraining order and preliminary injunction and state the following in support:

1.    That Plaintiff/Petitioner City of Highland Park [hereinafter referred to as the "Bank"] incorporates by reference the underlying complaint, its attachments and exhibits in support of this motion.

2.   That Plaintiff/Petitioner City has not committed any wrongdoing to warrant the exorbitantly excessive and oppressive action instituted by Defendant/Respondent Fifth Third Bank [hereinafter referred as the "Bank"].

3.   That Plaintiff/Petitioner City has no adequate remedy at law, particularly in light of the circumstances surrounding the inability to or delay in distributing the proceeds of the bond issuance to its pension beneficiaries.

4.   That, quite frankly, there is no recourse for the pension beneficiaries who fail to receive income which is needed, upon information and belief, for the basic needs and necessities of life.

5.   That any delay in the issuance of a temporary restraining order until the hearing on a preliminary injunction will result in immediate and irreparable harm causing, among other things, loss of citizen goodwill, loss of citizen confidence, loss of income for individuals, who, upon information and belief, are on fixed incomes.

6.   That Plaintiff/Petitioner City, and most notably the pension beneficiaries will suffer far greater injury from the denial of temporary injunctive relief than Defendant/Respondent Bank will suffer from the granting of such relief.

7.   That Plaintiff/Petitioner City has sought and made attempts to resolve the concerns stated by the Bank, to no avail.

8.   This motion is supported by the attached affidavit of the Mayor DeAndre Windom.

9.   That this motion is brought pursuant to MCR 3.310(B).

10. That Plaintiff/Petitioner City, within this motion for relief and the attached affidavit, have satisfied the standards and dictates iterated in MCR 3.310(B), including, but not limited to, as far as specifically identifying the reasons for Petitioners' request for this relief and establishing the manner in which irreparable harm will occur against Plaintiff/Petitioner City.

11. That pursuant to the applicable court rule and the law supporting this type of request for relief, this Honorable Court has discretion to order the injunctive relief sought. *Farmington v Scott* 374 Mich 536 (1965).

12. That further, this Honorable Court has jurisdiction to order the injunctive relief sought where it is supported by affidavit, even where no action has been instituted through the filing of a complaint and summons.   Battersby v Lobsinger 32 Mich App 316 (1971).

**WHEREFORE**, Plaintiff/Petitioner City respectfully requests that this Honorable Court order the following:

A. To continue the regular disbursement of funds to the City of Highland Park;

B. Preliminarily and permanently enjoin Defendant/Respondent or its agents, successors, representatives, assigns or any other person or entity acting for or on its behalf, from disrupting the disbursement of funds to the pension beneficiaries for whose benefit the bonds and the funds that flowed therefrom were created in 2008;

C. Preliminarily and permanently enjoin Defendant/Respondent or its agents, successors, representatives, assigns or any other person or entity acting for or on its behalf, from taking any action that, directly, indirectly, surreptitiously or in any

way would affect the flow of funds from Defendant/Respondent to Plaintiff/Petitioner, i.e., demand for the return of bonds by and through the trustee, seizure of funds, etc.;

D.  Award Plaintiff/Petitioner relief for legal expenses incurred; and

E.  Award any other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

Perkins Law Group, PLLC

Todd Russell Perkins (P55623)
Nikkiya Branch (P68844)
Attorneys for Plaintiff/Petitioner
615 Griswold St. Ste. 400
Detroit, Michigan
313.964.1702

January 10, 2014

# EXHIBIT - 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

---

**CITY OF HIGHLAND PARK,**
*A municipal corporation,*

     *Plaintiff/Petitioner,*

**V.**

**FIFTH THIRD BANK,**
*An Ohio Banking Corporation,*

     *Defendant/Respondent.*

Case No. 14-000321-CK
HON. Robert L. Ziolkowski

---

**PERKINS LAW GROUP PLLC**
Todd Russell Perkins (P55623)
Nikkiya Branch (P68844)
615 Griswold, Suite 400
Detroit, Michigan 48226
(313) 964-1702

---

### AFFIDAVIT IN SUPPORT OF CITY OF HIGHLAND PARK'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

STATE OF MICHIGAN    )
                   )   SS
COUNTY OF WAYNE    )

DeAndre Windom, being duly sworn, says:

1. I am competent to testify to the facts within this Affidavit.

2. That I am the Mayor of the City of Highland Park.

3. That City of Highland Park has goodwill and good standing with its citizens and its pension beneficiaries, along with the community and the general public.

4.  I submit this affidavit in support of my **MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**.

5.  I am personally familiar with the facts and circumstances surrounding the bond issuance of 2008, the unlimited tax pledge and all the information involving the proceeds of said bond issuance and the allegations made by Defendant/Respondent Bank.

6.  That the Plaintiff/Petitioner City has always acted in accordance with the terms and conditions of the underlying agreements and has operated in good faith with Defendant/Respondent Bank.

7.  That, if allowed to effectuate a seizure of the funds and deny the disbursements to Plaintiff/Petitioner City, such action will cause irreparable harm.

8.  That such action or posturing by Defendant/Respondent Bank is clearly unnecessary.

9.  That Plaintiff/Petitioner City will continue to operate in accordance with the terms and conditions that underlie the disbursement of the funds that it makes to its specific pension beneficiaries.

**Further, Affiant sayeth not,**

DeANDRE WINDOM, *Mayor of the*
*City of Highland Park*

Subscribed and sworn to before me on this
10th Day of January, 2014.

WAYNE COUNTY NOTARY PUBLIC

My Commission Expires On: 3 · 16 · 2020

Christenia Y Wafers
Notary Public of Michigan
Wayne County
Expires 03/16/2020
Acting in the County of Wayne

# EXHIBIT - 2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

---

**CITY OF HIGHLAND PARK,**
*A municipal corporation,*

    *Plaintiff/Petitioner,*

**v.**

**FIFTH THIRD BANK,**
*An Ohio Banking Corporation,*

    *Defendant/Respondent.*

Case No. 14-000324-CK
HON. Robert L. Ziolkowski

---

**PERKINS LAW GROUP PLLC**
Todd Russell Perkins (P55623)
Nikkiya Branch (P68844)
615 Griswold, Suite 400
Detroit, Michigan 48226
(313) 964-1702

---

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

At a session of said Court held in the Coleman A. Young
Center, located at 2 Woodward Avenue, City of Detroit, County
of Wayne, State of Michigan,

On: _____

By: _____
    **WAYNE COUNTY CIRCUIT COURT JUDGE**

The Court has considered Plaintiff/Petitioner's Complaint and Motion and has determined the following:

1. That Plaintiff has a likelihood of success on the merits of its claims.

1

2. That Plaintiff/Petitioner will suffer irreparable harm and loss if Defendants/Respondents are permitted to retain possession and otherwise deny disbursement of the funds which arose from the 2008 bond issuance.

3. That Plaintiff/Petitioner has no adequate remedy at law, particularly in light of the fact that these payments are for the sole benefit of pension beneficiaries who, upon information and belief, rely and depend upon said payments to meet their basic and ordinary need, i.e., food, shelter, clothing and other basic utilities.

4. That Plaintiff/Petitioner will suffer greater injury from the denial of temporary injunctive relief than Defendant/Respondent will suffer from the granting of such relief.

5. That, in fact, to the extent that Defendant/Respondent may claim any grounds for relief, any such relief that could be considered for the benefit of Defendant/Respondent is quantifiable and not subject to the irreparable harm element being pled by Plaintiff/Petitioner.

6. That Plaintiff/Petitioner is being granted relief without notice to Defendant/Respondent as any delay, such as the requirement of providing notice and the commensurate time differential between the notice date and the effective date of an order, will undermine the purpose and intent of this matter to prevent irreparable harm as a result of Defendant/Respondent's breach and default.

**IT IS HEREBY ORDERED:**

1. A temporary restraining order is issued.

2. That Defendant/Respondent Bank shall continue the regular disbursement of funds to the City of Highland Park who shall, in accordance with its standard practice as it relates to

2

these funds, distribute these funds to the specific pension beneficiaries for whose sole purpose these funds were created;

3. That Defendant/Respondent Bank or its agents, successors, representatives, assigns or any other person or entity acting for or on its behalf, are hereby enjoined from disrupting the disbursement of funds to the pension beneficiaries for whose benefit the bonds and the funds that flowed therefrom were created in 2008;

4. That Defendant/Respondent or its agents, successors, representatives, assigns or any other person or entity acting for or on its behalf, are hereby enjoined from taking any action that, directly, indirectly, surreptitiously or in any way would effect the flow of funds from Defendant/Respondent to Plaintiff/Petitioner, i.e., demand for the return of bonds by and through the trustee, seizure of funds, etc.;

5. That Defendant/Respondent is enjoined from taking any action, other than relief sought through this Honorable Court or any other court of law, that would frustrate or otherwise disrupt the disbursement of funds in accordance with the agreements currently in place between the City and the Bank related specifically to 2008 bond issuance.

6. That Plaintiff/Petitioner City shall be able to receive these funds without the requirement or the necessity of posting a bond, given the reasons and information set forth in the appending complaint and motion.

7. That this order shall remain in full force and effect until this Court specifically orders otherwise.

8. That the parties are immediately permitted to engage in discovery.

9. That Defendant/Respondent shall show cause before this Court on _____ at _____ why a preliminary injunction should not be ordered according to the terms and conditions of the temporary restraining order.

10. That Plaintiff/Petitioner must serve a copy of the pleadings in this case and this order on Defendant/Respondent by _____, and said service may be in any reasonable form as to ensure that said pleadings are received by Defendant/Respondent.

11. Date and time of issuance:_____.


_____
WAYNE COUNTY CIRCUIT COURT JUDGE


Prepared by:
*Todd Russell Perkins*
Perkins Law Group, PLLC
615 Griswold St., Ste. 400
Detroit, Michigan 48226
313-964-1702

4

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**CITY OF HIGHLAND PARK,**
*A municipal corporation,*

    *Plaintiff/Petitioner,*

    Case No. *C K*
    HON.

V.

**FIFTH THIRD BANK,**
*An Ohio Banking Corporation,*

    *Defendant/Respondent.*

---

**PERKINS LAW GROUP PLLC**
Todd Russell Perkins (P55623)
Nikkiya Branch (P68844)
615 Griswold, Suite 400
Detroit, Michigan 48226
(313) 964-1702

---

There is no other pending civil litigation arising out of the transaction or occurrence alleged in this complaint.

**TODD RUSSELL PERKINS (P55623)**
**NIKKIYA BRANCH (P68844)**

### COMPLAINT FOR INJUNCTIVE RELIEF

**NOW COMES** Plaintiff/Petitioner, **CITY OF HIGHLAND PARK**, Michigan, by and through its attorneys Perkins Law Group, PLLC, who hereby prays to this Honorable Court for Injunctive Relief and states the following in support:

1. Plaintiff, City of Highland Park, is a municipal corporation in the State of Michigan with its principal offices in Wayne County Michigan.

1

2. Defendant, Fifth Third Bank, is an Ohio Corporation, which conducts business in the State of Michigan, County of Wayne.

3. Venue is proper in light of the fact that all parties and all of the properties are located within the County of Wayne, State of Michigan.

4. That the amount in controversy exceeds $25,000 and jurisdiction is otherwise proper in this Court.

5. That, pursuant to the agreements entered into that memorialize and incorporate said agreements, the laws of the State of Michigan without regard to principles of conflicts of law that would require the application of the laws of another state or commonwealth.

6. That, additionally, jurisdiction is proper for this Honorable Court due to the type of relief being sought being within the province of the circuit court.

## GENERAL ALLEGATIONS

7. The City of Highland Park, a municipal corporation of the State of Michigan (the "State"), has been duly created under the provisions of the Home Rule City Act of the State, Act 279, Public Acts of 1909, as amended ("Act 279"), pursuant to which the City has the comprehensive home rule power conferred upon it by Act 279 and the Constitution of the State of 1963 (the "Constitution"), subject only to the limitations on the exercise of that power contained in the Constitution, by statute of the State or by provisions of the City Charter of the City (the "City Charter").

8. Pursuant to the City Charter, the City may borrow money for any purpose within the scope of its powers, may issue bonds or other evidences of indebtedness therefor, and may, when permitted by law, pledge the full faith credit and resources of the City for payment of those bonds or other evidences of indebtedness.

9. On November 6, 2007, the voters of the City authorized the issuance by the City of not to exceed $27,000,000 in Unlimited Tax General Obligation Financial Recovery Bonds for the purpose of providing City pension benefits.

10. Pursuant to a bond resolution adopted by the City Council on May 21, 2008 (the "2008 Bond Resolution") and an order by the City's emergency financial manager dated June 3, 2008, the City (i) authorized the issuance of its City of Highland Park, Michigan, Variable Rate Demand Financial Recovery Bonds, Series 2008 (Unlimited Tax General Obligation) (Federally Taxable) (the "2008 Bonds"), (ii) created a pledge of the ad valorem unlimited taxes collected by the City (or the County on its behalf) to pay the Reimbursement Obligations (hereinafter defined) owing to the Bank and the principal of and interest on the 2008 Bonds (including letter of credit fees due to the provider of a letter of credit), (iii) agreed to levy such taxes in an amount sufficient to pay the Reimbursement Obligations (defined hereinafter) owing to the Bank and principal and interest when due on the 2008 Bonds (including letter of credit fees due to the provider of a letter of credit), and (iv) authorized the City to enter into agreements, including, but not limited to, (1) a Reimbursement Agreement, a Pledge and Security Agreement and an Interest Rate Agreement (as defined in the Resolution) with the Bank (hereinafter defined) to further secure the Reimbursement Obligations and the MMBA Bonds and provide for management of the debt service related to the 2008 Bonds and (2) a Remarketing Agreement with Fifth Third Securities, Inc., to provide for the remarketing of tendered MMBA Bonds under the Indenture (hereinafter defined).

11. Pursuant to Act 227 and Act 140, and under a certain Revenue Sharing Pledge Agreement dated as of June 1, 2008 (the "2008 Pledge Agreement"), the City further

3

pledged and assigned to the Bank as issuer of the Letter of Credit (hereinafter defined) and the MMBA as purchaser and holder of the 2008 Bonds, certain payments that the City is eligible to receive under Act. 140 as Distributable Aid as additional security for the City's obligations under the Reimbursement Agreement and the 2008 Bonds.

12. By resolution dated May 14, 2008, the Board approved the sale of the 2008 Bonds by a negotiated sale to the MMBA and set the terms of the 2008 Bonds.

13. The MMBA issued its Michigan Municipal Bond Authority Variable Rate Demand Local Government Loan Program Revenue Bonds, Series 2008A (City of Highland Park Local Project Bonds) (the "MMBA Bonds") and used the proceeds thereof to purchase the 2008 Bonds from the City.

14. The MMBA and U.S. Bank National Association entered into a First Supplemental Indenture, dated as of June 1, 2008 (the "Indenture") with regard to the MMBA Bonds.

15. The MMBA determined that initially the principal and purchase price of and interest of the MMBA Bonds will be secured by an irrevocable direct-pay letter of credit (the "Letter of Credit") to be issued by the Fifth Third Bank, an Ohio banking corporation (the "Bank") for the account of the City in favor of U.S. Bank National Association (the "Indenture Trustee") as Trustee under the Indenture.

16. Pursuant to a reimbursement agreement dated as of June 1, 2008 between the City and the Bank (the "Reimbursement Agreement") the City has agreed to reimburse the Bank for payments made by the Bank under the Letter of Credit (which, among other obligations of the City to the Bank and Fifth Third Securities, Inc., as remarketing agent, are the "Reimbursement Obligations" as further defined in the 2008 Bond Resolution).

4

17. The Bank has renewed the Letter of Credit three times as evidence by the Amended and Restated Reimbursement Agreement dated July 15, 2011, First Amendment to Amended and Restated Reimbursement Agreement dated July 20, 2012, and the Second Amendment to the Amended and Restated Reimbursement Agreement dated July 20, 2012 ("Amended and Restated Reimbursement Agreement").

18. After the payment of cost of issuance and letter of credit fees owed to the Bank, the net proceeds of the Bonds $25,762,500.80 were deposited in the Bond Proceeds Account held by the Bank pursuant to section 3.14 of the Reimbursement Agreement.

19. As of December 31,2013, the Bond Proceeds Account has a balance of approximately $7,000,000 to pay the future pension benefits of ERS and MERS.

20. The bond proceeds were for the pension benefits of the City of Highland Park General Employees Retirement System ("ERS") that covers nonpublic safety employees of the City consisting of 82 retires and beneficiaries receiving benefits and 4 inactive employees and the City of Highland Public Safety Retirement Plan ("MERS") consisting of 61 retires and beneficiaries currently receiving benefits.

21. Pursuant to section 3.14 of the Reimbursement Agreement, the City submits to the Bank the required documentation supporting a requisition in amount sufficient to pay the monthly pension benefits for the retirees and beneficiaries of ERS and MERS from the funds held in the Bond Proceeds Account held at the Bank.

22. The City has pledged its full faith and credit for the payment of the principal of, premium, if any, and interest on the Bonds including fees for the payment of letter of credit payable to the Bank.  The City annually levies a millage on all taxable property in

the City, which may be levied without limitation as to rate or amount, as provided in Article IX, of the Michigan Constitution of 1963.

23. The City, pursuant to the terms of the Reimbursement Agreement, deposits the receipts of the ad valorem taxes paid by its taxpayers into a restricted account held at the Bank (the "Debt Retirement Account") to reimburse the Bank for draws on the letter of credit and letter of credit fees.  As of December 31, 2013, the City has paid on time approximately $4,850,000 of letter of credit fees to the Bank.

24. As of December 31, 2013, the Debt Retirement Account held at the Bank had an approximate balance of $1,000,000.

25. On December 12, 2013, the Bank notified the City "No further disbursements will be made by the Bank from the Bond Proceeds Account to the City" (see Exhibit A).

26. On January 8, 2014, the City formally submitted the required documentation and requisition for the MERS pension payments due and payable to the members and beneficiaries on January 15, 2014.

27. If the Bank does not honor the City's requisition on or before January 10, 2013, the City will not be able to make pension payments to 61 retirees and beneficiaries of MERS.

28. That Plaintiff/Petitioner, City of Highland Park (hereinafter referred to as the "City") was provided notices of default as it relates to the transactions which give rise and from which the funds retained by Defendant/Petitioner, Fifth Third Bank (hereinafter referred to as the "Bank").

29. That, prior to the recent issuance of the notices of default, the Bank gave notice to the City effectively stating that it would no longer, as of January 2014, permit the

6

disbursement of funds to the specific pension beneficiaries for whose sole benefit said funds shall be used.

30. That, notwithstanding the allegations of default by the Bank, the City has satisfied and tendered all payments due to the Bank in a timely and sufficient manner.

31. That all of the contingencies that give rise to the Bank's issuance of the notice(s) of default and the exercise of its position that it shall no longer permit the disbursement of funds, along with the seizure of funds from the 2008 Debt Retirement Fund, have existed and the Bank otherwise having been made very aware of those matters, even prior to the execution of the Amended and Restated Reimbursement Agreement, First Amendment, Second Amendment and corresponding letters of credit.

32. That the Bank has taken a position that shall cause an implosive effect on the City, to the extent that a failure to be able to make pension payments shall cause an irreparable damaging situation to occur, which could include, but not be limited to, immediate superintending action by the state, bankruptcy, and most importantly, injury, the scale of which is unfathomable, to pension beneficiaries whose only income are said payments received from the City.

## INJUNCTIVE RELIEF

33. That Plaintiff/Petitioner hereby restates and incorporates by reference each preceding paragraph above as though fully set forth herein.

34. That there exists a likelihood of success on the merits in this action by Plaintiff/Petitioner City.

35. That there will be irreparable harm not only to the Plaintiff/Petitioner City, but more importantly to the specific pension beneficiaries for whose sole benefit these funds have been secured.

36. That there is no adequate remedy at law under which Plaintiff/Petitioner can address Defendant/Respondent's breach, unlawful seizure and/or unduly burdensome retention of funds that are to be used for the sole purpose and benefit of specific pension beneficiaries of the City.

37. That, at the very least, there has been a substantial showing of good cause that a preliminary injunction should issue, pursuant to MCR 3.310(b).

38. That, a clear public interest shall be served by the pension beneficiaries being able to receive payments from these sequestered funds.

**WHEREFORE**, Plaintiff/Petitioner respectfully requests that this Honorable Court enter judgment in Plaintiff/Petitioner's favor and against Defendant/Respondent ordering the following:

A. To continue the regular disbursement of funds to the City of Highland Park;

B. Preliminarily and permanently enjoin Defendant/Respondent or its agents, successors, representatives, assigns or any other person or entity acting for or on its behalf, from disrupting the disbursement of funds to the pension beneficiaries for whose benefit the bonds and the funds that flowed therefrom were created in 2008;

C. Preliminarily and permanently enjoin Defendant/Respondent or its agents, successors, representatives, assigns or any other person or entity acting for or on its behalf, from taking any action that, directly, indirectly, surreptitiously or in any way would affect the

8

flow of funds from Defendant/Respondent to Plaintiff/Petitioner, i.e., demand for the return of bonds by and through the trustee, seizure of funds, etc.;

D.   Award Plaintiff/Petitioner relief for legal expenses incurred; and

E.   Award any other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

Perkins Law Group, PLLC

Todd Russell Perkins (P55623)
Nikkiya Branch (P68844)
Attorneys for Plaintiff/Petitioner
615 Griswold St. Ste. 400
Detroit, Michigan
313.964.1702

January 10, 2014

9

# EXHIBIT - A

# CLARK HILL

Robert L. Schwartz
T .. 248.988.5847
F .. 248.988.1834
Email: rschwartz@clarkhill.com

Clark Hill PLC
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
T 248.642.9692
F 248.642.2174

clarkhill.com

December 12, 2013

**FEDERAL EXPRESS**

**Honorable DeAndre Windom**
Mayor
City of Highland
12050 Woodward Avenue
Highland Park, MI  48203

**PRIVILEGED AND
CONFIDENTIAL**

Re:   Notice of Events of Default -
      Amended and Restated Reimbursement Agreement and
      Terms and Conditions Relating to Letter of Credit Securing
      Michigan Municipal Bond Authority Variable Rate Demand
      Local Government Loan Program Revenue Bonds, Series 2008A
      (City of Highland Park Local Project Bonds) (Federally Taxable)
      (the "Bonds")

Dear Mayor Windom:

On behalf of Fifth Third Bank, the issuer of the letter of credit securing the captioned Bonds, I am providing this notice that Event of Defaults have occurred under the Amended and Restated Reimbursement Agreement, dated as of July 15, 2011, as amended by a First Amendment dated as of July 20, 2012, and a Second Amendment dated as of July 12, 2013 (collectively, the "Reimbursement Agreement"), between Fifth Third Bank (the "Bank") and the City of Highland Park (the "City"), based on the City's incurrence and continuance of Debt (as defined in the Reimbursement Agreement) relating, among other things, to the City's failure to pay amounts owed to the City of Detroit and the Detroit Water and Sewerage Department (collectively, "Detroit"), pursuant to various agreements and court orders by which the City was and is bound, all as reflected in Detroit's Complaint (the "Complaint") filed in the United States District Court, Eastern District of Michigan (the "Court"), on November 22, 2013.  Prior to the filing of the Complaint, the Bank was led to believe that such Debt was not material because such Debt was overstated and/or was in the process of settlement, including possible forgiveness of the Debt by Detroit.

The Events of Default of which you are hereby given notice are based on the following provisions of the Reimbursement Agreement and the Terms and Conditions executed by the City

Honorable DeAndre Windom
December 12, 2013
Page Two

as of July 10, 2013 (the "Terms and Conditions"), which is a Related Document as defined in the Reimbursement Agreement:

      1.    Under Section 10.1.3 of the Reimbursement Agreement, the City has failed to comply with its covenants under Sections 9.4 and 9.10 of the Reimbursement Agreement. Section 9.4 prohibits the City from incurring, directly or indirectly, any additional Debt of whatever kind or nature.   The City's obligations to Detroit constitute "Debt" under the Reimbursement Agreement.  Section 9.10 prohibits the City from incurring or permitting to exist any Debt whatsoever, with certain inapplicable exceptions.

      2.    Under Section 10.1.7 of the Reimbursement Agreement, the City has failed to pay money due on indebtedness created with Detroit and has failed to observe terms and conditions in its agreements with Detroit, the effect of which was to cause Detroit to sue for repayment.

      3.    Under Section 10(iii) of the Terms and Conditions, the City has failed to comply with its covenants set forth in the Reimbursement Agreement, which covenants are specifically described in paragraphs 1 and 2 above.

      4.    Under Section 10(iv) of the Terms and Conditions, the City has failed to pay outstanding indebtedness beyond the five-day grace period provided in such section.

These Events of Default, together with existing Events of Default of which notice was given to or acknowledged by the City in the Notice of Events of Default dated September 11, 2013 to the Mayor of the City, in Section 5.3.5 of the Reimbursement Agreement, and in the notice of default dated April 19, 2010 to counsel for the City, permit the Bank to exercise all of its rights and remedies under the Reimbursement Agreement, the Security Documents (as defined in the Reimbursement Agreement) and the other Related Documents, including acceleration of the City's obligations thereunder, all of which rights and remedies the Bank has reserved and by this letter reserves by this reference.

Absent the occurrence of another Event of Default, a request by the City for a disbursement of funds from the Bond Proceeds Account (as defined in Section 3.14 of the Reimbursement Agreement) for this month of December will be honored in the monthly amount calculated by the pension plan administrator as payable this month, as provided in Section 3.14 of the Reimbursement Agreement, but in no event in an amount greater than $350,000.  No further disbursement will be made by the Bank from the Bond Proceeds Account to the City or on its behalf unless the terms of the Reimbursement Agreement and Related Documents are restructured to the satisfaction of the Bank and memorialized in one or more written agreements executed between and among the City, the State of Michigan and the Bank regarding such disbursement, the Events of Default and the City's financial circumstances in general.

The Bank hereby demands that the Bank be included in any and all discussions between the City and Detroit, and between the City and the State of Michigan (the "State"), relating to the payment or settlement of the subject Debt and/or other matters related to the Complaint.

CLARK HILL

Honorable DeAndre Windom
December 12, 2013
Page Two


Demand is also hereby made on the City to provide the Bank with any and all filings by the City or the State or any representative of either of them, concurrently with such filing if made by the City and within one business day of the City's receipt of any filing by the State.

Your immediate and full cooperation is appreciated.

Very truly yours,

Robert L. Schwartz

RLS/jmh
Cc:   Earnestine Williams, Finance Director (via Federal Express)
      Brian Lefler, Robert W. Baird & Co. (via E-Mail)
      Harold Bulger, Miller, Canfield, Paddock & Stone (via E-Mail)
      Todd Gehrs, Fifth Third Bank (via E-Mail)

10320479.7